NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 5 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS ANTONIO RAMIREZ AYALA, | No. 15-73370 |
| Petitioner, | Agency No. A094-450-905 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 31, 2018**
Pasadena, California

Before: WARDLAW, BYBEE, and IKUTA, Circuit Judges.

Luis Antonio Ramirez Ayala (Ramirez) petitions for review of the Board of

Immigration Appeals' (BIA) denial of his motion to reopen to apply for asylum,

withholding of removal, and protection under the Convention Against Torture

(CAT). We have jurisdiction pursuant to 8 U.S.C. Section 1252. We review the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

BIA's denial of a motion to reopen for abuse of discretion, *Lara-Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir. 2004), *as amended* 404 F.3d 1105 (2005), and we deny the petition for review.

1.      The BIA did not abuse its discretion in concluding that Ramirez's evidence of changed country conditions was insufficient to allow the Immigration Judge (IJ) to conduct a comparative country conditions analysis.  Ramirez filed his motion to reopen seven and a half years after the IJ entered an order of removal *in absentia* against him, well beyond the ninety day deadline set by 8 C.F.R. § 1003.2(c)(2).  Ramirez did not present evidence to explain why he left El Salvador or would be at more risk were he to return to El Salvador in 2015, when he filed his motion to reopen, than in 2008, when he was ordered removed.  The BIA properly concluded that it was impossible for the IJ to conduct a comparative country conditions analysis under 8 C.F.R. § 1003.23(B)(4)(i).  Ramirez's argument that the BIA erroneously required him to submit the 2008 country conditions report is unavailing; the BIA pointed to Ramirez's failure to submit "any documentary evidence probative of the conditions in El Salvador at the time." The BIA also properly concluded that the evidence Ramirez submitted to the BIA on appeal was "neither new nor previously unavailable."  *See* 8 C.F.R. § 1003.23(B)(4)(i).

2.      The BIA did not abuse its discretion in declining to treat Ramirez's

submission of the 2008 El Salvador country conditions report as a second motion to reopen for the purpose of applying for asylum, withholding of removal, or CAT relief. Although the BIA may take "administrative notice" of "the contents of official documents," 8 C.F.R. § 1003.1(d)(3)(iv), and may decide a motion to reopen in the first instance, the BIA correctly concluded that the 2008 country conditions report did not materially change the merits of Ramirez's asylum, withholding of removal, or CAT relief claims. The BIA properly affirmed the IJ's merits determination, and the new evidence on appeal did not cure the untimeliness of Ramirez's initial asylum application (fourteen year delay); nor did it prove past persecution, a clear probability of future persecution, or that it was "more likely than not" that he would "suffer torture" if he returned to El Salvador.[1]

**PETITION DENIED.**

---

[1] Petitioner's motion to dismiss this Petition for Review in light of *Pereira v. Sessions*, 138 S. Ct. 2105 (2018) is denied.